agreement that the amount due on the prior note at the date of the note sued on should be inserted by plaintiffs' testate, and the maker relied upon deceased to insert the amount due on the prior note and the evidence tended to show that the pre-exising note had been fully paid, the court erred in refusing to vacate a judgment entered by confession or to stay proceedings with leave to make a defense on the merits.

3.  JUDGMENT, § 65*—*grounds for vacating*.  A judgment entered by confession on a note should be vacated if it appears that there was no consideration for the note in question.

---

**Charles Bruhl, Appellee, v. William J. Anderson, Appellant.**

**Gen. No. 19,861.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1913.  Affirmed.  Opinion filed November 19, 1914.

### Statement of the Case.

Charles Bruhl, plaintiff, brought action against William J. Anderson, defendant, to recover for personal injuries sustained by him on May 11, 1912, when, in endeavoring to cross a public street in the city of Chicago he was struck by defendant's automobile.  Plaintiff charged the negligent driving of the automobile at a high rate of speed.  The place of the accident was a residential district of the city of Chicago.

From a judgment for seventy-five hundred dollars in favor of plaintiff, defendant appeals.

The evidence showed, without contradiction, that the accident happened about eight o'clock in the evening; that at that time it was dark, was raining hard

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and there was a high wind; that the pavement on
Washington boulevard is an asphalt pavement fifty
feet in width; that just before the accident, plaintiff
was walking north on the west sidewalk on 41st ave-
nue with an umbrella over his head; that as he
reached the end of the sidewalk at the curbstone on
the south side of the boulevard pavement, he hesitated a
moment, raised his umbrella, looked in both directions,
"saw nothing," and then started across at a "trot,"
or fast walk, holding his umbrella down over his head
and shoulders; that at that moment, defendant's auto-
mobile, with two headlights and two oil lamps burn-
ing, came along the boulevard from the west at a rate
of speed estimated by defendant's witnesses at from
twenty-five to thirty-five miles an hour, and by plain-
tiff's witnesses at from thirteen to fifteen miles an
hour; that as the automobile approached the intersec-
tion, the chauffeur saw plaintiff walking across, called
out: "Hey, there," turned the front wheels to the
north and applied the emergency brakes. The sudden
locking of the rear wheels caused the automobile to
"skid" around towards the south, and it "skidded"
across the street intersection, turning · completely
around, and finally came to a stop, facing southeast,
at or near the curbstone at the northeast corner. As
it whirled around, the right fender hit appellee, throw-
ing him to the pavement. He fell on his back, face
upward, and as the fender passed over him he took
hold of it with both hands and held on until the auto-
mobile came to a stop. When he was pulled from
under the machine his back was broken. The dis-
tance from the south curbstone to the point where
appellee was struck by the automobile was approx-
imately twenty-five feet, and while plaintiff was cross-
ing this space at a fast walk or trot, the automobile
traveled at least one hundred feet, if not twice or
three times that far.

MILLER, GORHAM & WALES, for appellant.

ANSEL M. LASLEY and FRANK A. LASLEY, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—*when negligence of pedestrian is question for jury.* Where a pedestrian in crossing a street in a blinding rain storm looked up the intersecting street but failed to see a fast approaching automobile or to distinguish its lights from other street lights, the question of contributory negligence raised an issue for the jury, whose finding of the absence of such will not be disturbed.

2. AUTOMOBILES AND GARAGES, § 2*—*when failure of pedestrian to see approaching automobile does not constitute negligence.* A pedestrian's failure to see an automobile approaching in a blinding and tempestuous rain storm, with its lights difficult to distinguish from street lights, or even his failure to look at all, *held* not to constitute contributory negligence as a matter of law, under the circumstances of the instant case.

3. AUTOMOBILES AND GARAGES, § 2*—*when proof of unlawful speed constitutes prima facie case.* Under the Motor Vehicle Act of 1911, §§ 10, 17, J. & A. ¶¶ 10010, 10017, proof that a pedestrian was injured by defendant's automobile, on a public street in a residential portion of the city, while the automobile was being operated at a speed in excess of fifteen miles an hour, made out a prima facie case of negligence on the part of defendant.

---

### Stanislow Schneider by Otto Olson, Appellee, v. Otto Nowack, Appellant.

### Gen. No. 19,876.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914. Rehearing denied and additional opinion filed December 31, 1914.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.